UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GAMAL A. HILTON,

    Petitioner,

v.

    Civil No. 2:23-cv-11155
    Honorable Linda V. Parker

WILLIS CHAPMAN,

    Respondent.
_____/

## ORDER TRANSFERRING CASE TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT AND DENYING WITHOUT PREJUDICE PETITIONER'S MOTIONS

Michigan prisoner Gamal A. Hilton, presently confined at the Macomb Correctional Facility in New Haven, Michigan, has filed a second petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his 2003 Wayne County Circuit Court convictions and sentence for (1) seven counts of first-degree criminal sexual conduct (CSC-I), Mich. Comp. Laws § 750.520b; (2) three counts of armed robbery, Mich. Comp. Laws § 750.529; (3) three counts of assault with intent to rob while armed, Mich. Comp. Laws § 750.89; (4) three counts of felony firearm, Mich. Comp. Laws § 750.227b(a); and (5) one count of receiving or concealing stolen property less than $200, Mich. Comp. Laws § 750.535(5). Because Petitioner previously filed a habeas petition challenging these convictions, he

requires authorization from the court of appeals before filing a second or successive habeas petition. *See* 28 U.S.C. § 2244(b)(3). Therefore, the Court is transferring the case to the Sixth Circuit. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

## Background

In his pro se application, Petitioner appears to challenge the above-listed convictions. The trial court sentenced him to concurrent prison terms of 23 to 40 years each for the CSC, armed-robbery, and assault convictions, and to time served (93 days) for the stolen-property conviction, to be served consecutive to three concurrent prison terms of two years for each of the felony-firearm convictions. Petitioner filed a direct appeal in the Michigan Court of Appeals, which affirmed his convictions. *People v. Hilton*, No. 254002, 2005 WL 1489494 (Mich. Ct. App. June 23, 2005). He then filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims, which denied leave. *People v. Hilton*, 705 N.W.2d 122 (Mich. 2005).

On October 17, 2007, Petitioner filed a federal petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this District, raising the following claims: (1) insufficient evidence; (2) improper admission of the rap-lyric book; (3) ineffective assistance of counsel where counsel waived the sequestration order; (4) juror misconduct; (5) prosecutorial misconduct; (6) improper admission of

testimony regarding muddy clothes; (7) ineffective assistance of counsel for failing to call an alibi witness; (8) improper admission of expert testimony; (9) a Batson violation; (10) a Brady violation; and (11) ineffective assistance of appellate counsel regarding jury misconduct. The District Court denied the petition on the merits. *Hilton v. Bell*, Case No. 07-cv-14415 (E.D. Mich. March 8, 2011).

On May 16, 2023, Petitioner filed the present petition seeking relief under § 2241 (ECF No. 1), along with multiple motions (ECF Nos. 2, 3, 4, 5). Although Petitioner's claims are difficult to follow, it appears that he is challenging his Wayne County convictions for a second time.

## Discussion

The Court concludes that Petitioner is attempting to file a second or successive habeas petition because he is challenging the validity of the same convictions on different grounds. A federal district court lacks jurisdiction to entertain a successive habeas petition absent authorization from the court of appeals. *See Franklin v. Jenkins*, 839 F.3d 465, 473 (6th Cir. 2016) (citing 28 U.S.C. § 2244(b)(3)). Under the Antiterrorism and Effective Death Penalty Act of 1996, an individual seeking to file a successive habeas petition must first ask the appropriate court of appeals for an order of authorization to file a successive petition. *See* 28 U.S.C. § 2244(b)(3)(A); *see also Felker v. Turpin*, 518 U.S. 651, 664 (1996). When a habeas petitioner files a successive petition for habeas corpus

relief directly in the district court without first obtaining authorization under § 2244(b)(3)(A), the district court must transfer the case to the court of appeals. *See Sims*, 111 F.3d at 47; 28 U.S.C. § 1631.

The mere fact that Petitioner filed his habeas petition under § 2241 and not under § 2254 does not permit him to circumvent AEDPA's limitations on the filing of successive habeas petitions. Section 2241 authorizes federal district courts to issue a writ of habeas corpus to a state or federal prisoner who is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). Section 2254 is more specific in that it confers jurisdiction on district courts to "entertain an application for a writ of habeas corpus [on] behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It is a well-established rule of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one. *See Edmond v. United States*, 520 U.S. 651, 657 (1997). The Sixth Circuit has noted that "numerous federal decisions . . . support the view that all petitions filed on behalf of persons in custody pursuant to State court judgments are filed under section 2254" and are subject to the various restrictions imposed by AEDPA for obtaining habeas relief from a state conviction. *See Rittenberry v.*

*Morgan*, 468 F.3d 331, 337 (6th Cir. 2006).

The provisions governing the filing of successive petitions by state prisoners under § 2254 thus apply equally to habeas petitions filed under § 2241 by a person who is in custody pursuant to a state court judgment who is challenging the validity of that judgment. *Id*. at 336-37; *see also Long v. Commonwealth of Ky.*, 80 F. App'x 410, 414 (6th Cir. 2003); *Byrd v. Bagley*, 37 F. App'x 94, 95 (6th Cir. 2002). Therefore, Petitioner must seek authorization from the Sixth Circuit under § 2244(b) before filing the pending petition, even though it was filed pursuant to § 2241. *Rittenberry*, 468 F.3d at 338.

Petitioner's motions for good cause for waiver of exhaustion and limitation requirements, for constitutional right to access the judicial court of justice, for bail, and for habeas relief from additional judgment of sentence (ECF Nos. 2, 3, 4, & 5) are denied without prejudice. A district court loses jurisdiction over a state prisoner's habeas petition when it transfers it to the court of appeals on the ground that it is a second or successive petition. *Jackson v. Sloan*, 800 F.3d 260, 261 (6th Cir. 2015). This Court lacks jurisdiction pursuant to 28 U.S.C.A. §§ 1631 and 2244(b)(3)(A) to consider Petitioner's motions. *Id*.

## Conclusion

The Court **ORDERS** the Clerk of the Court to transfer this case to the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *Sims*, 111 F.3d at 47.  Petitioner's motions (ECF Nos, 2, 3, 4, and 5) are **DENIED** without prejudice.

**IT IS SO ORDERED**.

                                                  s/ Linda V. Parker
                                                  LINDA  V. PARKER
                                                  U.S. DISTRICT JUDGE

Dated: June 5, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 5, 2023, by electronic and/or U.S. First Class mail.

                                                  s/Aaron Flanigan
                                                  Case Manager